Reese, J.,
delivered the opinion of the court.
The plaintiff in error was indicted and convicted in the Circuit Court of Greene County, for illegal voting in the Presidential election of 1844. It appears from the record that the plaintiff in error is by birth an Irishman, and that in 1840, he emigrated from the Kingdom of Ireland, being then a subject *55 of the Queen of the Kingdom of Great Britain and Ireland. In 1842 he made a declaration renouncing his allegiance to the sovereign of that Kingdom, and affirming his purpose to become a citizen of the United States. He took no other step, and this was his condition in 1844 when he voted. Upon the trial his counsel asked the Circuit Court to charge that if the defendant believed himself to be a qualified voter, and entitled to vote, although not entitled by law to vote, he could not be convicted. The Court refused so to charge, but told the jury that the defendant’s ignorance of the law would not excuse him. And the question before us is whether in this the Circuit Court erred. It is admitted by the counsel of the plaintiff in error, that in general it is a maxim especially applicable to criminal proceedings, that ignorance of the law constitutes no valid ground of justification or excuse. A. little reflection will teach any one that if this maxim were not applied and enforced as to the great body of criminal offences, no community could be held together in peace and security; for evil doers would have an open door for their escape. But it is contended that the ballot box, in our State, is not guarded by this salutary and universal maxim: the Legislature it is said, having permitted all to vote without being guilty of a misdemeanor, who, however disqualified in point of fact, ignorantly believe themselves in point of law to be entitled. This is supposed to result from a proper construction of the first section of the “act to suppress illegal voting” (1841, ch. 81, in Nicholson’s supplement 152.) That section provides that “any person who shall knowingly vote at any election not being at the time a qualified voter in the county in which he so votes shall be adjudged guilty of a misdemeanor,” &c. Literally and grammatically the qualifying adverb,‘knowingly’ expends all its force upon the verb to‘vote.’ But as we vote by ballot, and not by the shout of the multitude, or the lifting up of hands, it is to be hoped, that, in general our voters will know whether they vote or not, so that the phrase can scarcely have been intended to excuse the excessively inebriate who may have been ignorant whether they have performed the act of voting or not. But if we go so far as to abandon the literal and gramatical construction and conjecture that *56 the word ‘knowingly,’ in the mind of the Legislature had some reference to the qualifications of the voter, we deem it safest to suppose, as well as most probable, that they did not intend to violate a fundamental principle of the criminal law, but to provide, that if the party voting know the existence of a state of facts which disqualify him in point of law (and that law he is held not to be ignorant of) then he shall be guilty .of a misdemeanor, If the voter believe himself to be 21 years of age, when he is not, and vote, he does not know the existence of the disqualifying fact, and may, on that ground be excused. But if he know that he is only twenty years of age, yet believes he is old enough, in point of law, to vote, such ignorance of the law will not excuse him. If the voter honestly believe that he has resided six months in the county before the election, and the fact turn out otherwise, he maybe excused. But if he know that he has been only four months in the county before the election, yet he believes that to reside four months is, in point of law residence enough, he shall not be excused. If a voter believe that he was born in the United States, and it turns out that he was born in a foreign country, he may be excused. But if he knows he is a foreigner, and has not taken the oath of allegiance to the United States, but has only made his declaration of renunciation, &c., and thinks the latter, in point of law, sufficient to entitle him to vote, this ignorance of the law shall not excuse him; for he voted knowing a state of facts to exist, which, in point of law, disqualified him. This is as far as we can give effect to the word ‘knowingly’ in the statute in question, if indeed, its collocation and grammatical construction will permit us to go thus far.
The judgment is affirmed.